UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WANDA L. AUSTIN,

        CASE NO. 2:17-cv-14082
   *Plaintiff*,       DISTRICT JUDGE MARIANNE O. BATTANI
v.        MAGISTRATE JUDGE PATRICIA T. MORRIS

COMMISSIONER OF SOCIAL SECURITY,

   *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
UNDER RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge Battani, this case was referred to the undersigned magistrate judge for general case management on December 19, 2017. (Doc. 3). After granting Plaintiff's application to proceed *in forma pauperis*, this Court entered an order directing Plaintiff to complete service documents enabling the Defendant to be served. (Doc. 9). Plaintiff then failed to comply with the order in a timely manner. On February 2, 2018, this Court entered a further order to show cause why the Court should not recommend dismissing Plaintiff's action under Federal Rule of Civil Procedure 41(b) for want of prosecution, allowing Plaintiff until March 2, 2018 to respond. (Doc. 11). At the time of this writing, Plaintiff has filed no response.

### B. Discussion

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns: "On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted). To reckon better with these concerns, the Sixth Circuit has laid out four factors to guide its review of Rule 41(b) dismissals:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015).

Plaintiff proceeds in this action without counsel and the record contains no indication that her tardiness was willful or undertaken in bad faith. Nevertheless, since December 2017—when

Plaintiff filed her claim—this Court has needed to remind her several times of her duties as a litigant. Indeed, the show-cause order at issue is the second in the record explicitly warning her that failure to comply could result in dismissal of her case. (Docs. 5, 6, 9, 11). Moreover, the case's survival undoubtedly imposes some modicum of prejudice on Defendant. As such, I recommend this case be dismissed with prejudice, an outcome consistent with the prevailing practice in this district. *Accord, e.g.*, *Brinkley v. Comm'r of Soc. Sec.*, No. 14-13560, 2015 WL 1637598, at *2 (E.D. Mich. Apr. 13, 2015) ("Where, as here, the Plaintiff is proceeding *pro se*, the Court considers that such a litigation 'may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, [but] there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.'" (quoting *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991))); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (dismissing a *pro se* litigant's case with prejudice); *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) ("[T]he Court must . . . balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines.").

### C. Conclusion

Because Plaintiff has failed to effectuate service of process and has failed to respond to the Court's order to Show Cause, I conclude that she has failed to undertake a meaningful effort to prosecute this lawsuit in a diligent manner. Accordingly, I suggest that the case be dismissed with prejudice for failure to prosecute.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Date: March 26, 2018
　　　　　　　　　　　　　　　　　　S/ PATRICIA T. MORRIS
　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Wanda L. Austin at 35505 E. Michigan Ave., Apt. 8, Wayne, MI 48184.

Date: March 26, 2018　　　　　　　　　　　　　By s/Kristen Castaneda
　　　　　　　　　　　　　　　　　　　　　　　　　Case Manager